IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR99 |
| v. | |
| ANDRAE S. TAYLOR, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Andrae S. Taylor's ("Taylor") pro se motion (Filing No. 58) requesting the Court "recommend that the [Bureau of Prisons ("BOP")] allow [him] to serve the remainder of [his] sentence in home confinement so [he] can avoid exposure to" COVID-19. Taylor relies on Section 12003(b)(2) of the CARES Act, Pub. L. 116-136, 134 Stat. 281 (2020), which expands the BOP's authority to grant home confinement. For the reasons stated below, Taylor's motion is denied.

I.   **BACKGROUND**

On July 26, 2019, pursuant to a written plea agreement, Taylor pled guilty to Count I of the Information (Filing No. 34) charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 5, 2019, the Court sentenced Taylor to 37 months in prison to be followed by three years of supervised release. At sentencing, Taylor was 36 years old. Taylor is now imprisoned at a camp at Englewood FCI.

Taylor now moves the Court to recommend the BOP place him on home confinement due to concerns about COVID-19. Taylor says he submitted a request for home confinement to the warden at his facility, but he does not think the BOP is giving such requests due consideration.

## II. DISCUSSION

Under 18 U.S.C. § 3624(c)(2), the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Section 3624(c)(2) further directs that the BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted" under the statute.

Section 12003(b)(2) of the CARES Act provides that "[d]uring the covered emergency period,[1] if the Attorney General finds that emergency conditions will materially impact the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time" authorized for home confinement under § 3624(c)(2). The Attorney General made that finding on April 3, 2020, and directed the BOP to prioritize home confinement for "the most vulnerable inmates at the most affected facilities." *See* Attorney General William Barr, *Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020).

"[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection [allowing home confinement] shall be construed to limit or restrict [that control]."). And courts "have consistently held that placement questions are not reviewable." *United States v. Tuckner*, Criminal No. 16-79 (DWF), 2020 WL 4271785, *2 (D. Minn. July 24, 2020) (collecting cases). The CARES Act did not change this.

Accordingly, the Court may not direct the BOP to place Taylor on home confinement. *See Tapia*, 564 U.S. at 331; *see also Tuckner*, 2020 WL 4271785, *2. The

---

[1]Section 15002(a) of the CARES Act defines the "covered emergency period" as the date the President of the United States declared the COVID-19 pandemic a national emergency until thirty days after the national-emergency declaration terminates. That has not happened.

Court may at most recommend the BOP place Taylor on home confinement. *United States v. Campbell*, No. CR03-4020-LTS, 2020 WL 3491569, *6 (N.D. Iowa June 26, 2020) (collecting cases).

While the Court takes seriously the dangers posed by COVID-19, Taylor has not alleged sufficient facts to show his particular concerns merit a recommendation of home confinement at this time. In his one-page request, Taylor alleges only that he (1) is "Pre-Diabetic and [his body-mass index] is 32.7"; (2) has a job and plans to live with his family; (3) participated in BOP programming; and (4) is not a danger to the community, evidenced by his placement at FCI Englewood.

The Attorney General has directed the BOP to consider the totality of the circumstances when making home-confinement determinations, including factors ranging from an inmate's age and vulnerability to the risk of COVID-19 at the inmate's facility. The BOP is in a better position to make those assessments than this Court, especially with the limited information Taylor has provided.

Under these circumstances, the Court finds Taylor has not shown that a recommendation of home confinement is warranted at this time. The Court expresses no opinion on whether home confinement is appropriate, leaving that to the sound discretion of the BOP as it continues to monitor the ever-evolving circumstances.

Accordingly, Taylor's motion (Filing No. 58) is denied.

IT IS SO ORDERED.

Dated this 30th day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge